Kenneth L Neeley, 025899
Karen Bentley, 034148
Geoffrey Khotim, 019513
Nicholas T. Van Vleet, 026933
**NEELEY LAW FIRM, PLC**
1120 S. Dobson Rd., Ste. 230
Chandler, AZ 85286
Tel: 480.802.4647 | Fax: 480.907.1648
ecf@neeleylaw.com
*Attorneys for Plaintiff*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | In Proceedings Under Chapter 13 |
| MARK DATUS JOHNSTON, | BK Case No.: 2:21-bk-08880-SHG |
| Debtor. | Adv. No.: |
| MARK DATUS JOHNSTON, | **COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND FOR DAMAGES AND SANCTIONS** |
| Plaintiff, | |
| V. | |
| PHOENIX ER AND MEDICAL HOSPITAL, LLC an Arizona Limited Liability Company, | |
| and | |
| TYVAN, LLC a Texas Limited Liability Company, | |
| Defendants. | |

Mark Datus Johnston ("Plaintiff" or "Debtor"), in the above-captioned case, by and through undersigned counsel, moves this Court to find PHOENIX ER AND MEDICAL HOSPITAL, LLC ("PEMH" or "Defendant") and TYVAN, LLC ("Tyvan" or "Defendant")

1

(collectively "Defendants") in violation of the protection of the automatic stay of 11 U.S.C. § 362(a). In support hereof, Plaintiff states as follows:

## JURISDICTION

1. Debtor is a resident of Arizona.

2. Debtor filed for Chapter 13 bankruptcy relief on December 7, 2021 ("Petition Date").

3. Phoenix ER and Medical Hospital, LLC, is an Arizona Limited Liability Company.

4. PEMH is a creditor of Debtor.

5. Tyvan, LLC, is a Texas limited liability company doing business in Arizona.

6. Tyvan provides billing services to healthcare facilities including PEMH.

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and Fed. R. Bankr. P. 7001.

8. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

## FACTUAL BACKGROUND

9. Debtor obtained services from Defendant PEMH prior to Petition Date.

10. On December 10, 2021, the Bankruptcy Noticing Center ("BNC") filed a Certificate of Notice regarding the *Notice of Chapter 13 Bankruptcy Case* ("Notice of Filing"), which was mailed to Defendants at 3050 S. Dobson Rd., Chandler, AZ 85248-4906, and PO Box 3070, Bellaire, TX 77402-3070 ("Defendants' Billing Address").

11. On December 17, 2021, Defendants automatically debited $230.00 from Plaintiff for payment of a pre-petition debt (the "Debt").

12. On January 11, 2022, the Schedules and Statements were filed for Debtor and PEMH was listed as a creditor.

13. On January 13, 2022, BNC filed a Certificate of Notice regarding the *Chapter 13 Plan and Application of Payment Administration* ("Notice of Plan"), which was mailed to

Defendants at 3050 S. Dobson Rd., Chandler, AZ 85248-4906, and PO Box 3070, Bellaire, TX 77402-3070 ("Defendant's Billing Address").

14. On January 16, 2022, Defendant again automatically charged Plaintiff $230.00 for payment of the pre-petition debt.

15. On January 18, 2022, Counsel for Plaintiff emailed Defendants a Notice of Bankruptcy Filing, along with a copy of the original Notice sent from the BNC as well as a copy of Defendants' payment deductions to reference, and a request for refund. The Notice was sent to Defendants' email addresses listed on the auto-deductions: zpay@zirmed.com; patientadvocacy@tyvanbilling.com; info@phoenixerhospital.com.

16. On January 18, 2022, at 10:40 PM Counsel for Plaintiff received a "read receipt" acknowledging the notification of bankruptcy filing referenced above.

17. On February 15, 2022, Defendants, for a third time, automatically charged Plaintiff $230.00 for payment of the pre-petition debt.

18. Despite receiving multiple forms of notice that Plaintiff filed bankruptcy, Defendants continued to collect from Plaintiff for repayment of pre-petition debts.

19. Defendants' actions reflect intentional and unlawful business practices.

20. Defendants' conduct has caused Plaintiff to experience significant worries, concerns, and stress that are separate and in addition to the anxiety already felt about filing bankruptcy.

21. Plaintiff's emotions are not fleeting or inconsequential. Plaintiff has suffered significant emotional harm as a result of Defendants' conduct in willfully violating the automatic stay on multiple occasions.

22. The nature of the Defendants' conduct makes it clear that any reasonable person would suffer significant emotional distress.

23. Additionally, Plaintiff is suffering the burden of legal fees incurred attempting to resolve this issue with Defendants prior to bringing this Adversary Proceeding as well as the costs and fees to bring and pursue this Adversary Proceeding after Defendants refused to comply with the law.

24. It is apparent that Defendants do not have adequate systems, procedures, or controls in place to protect debtors from unlawful collection activity during bankruptcy.

25. On information and belief, Defendants have a systemic problem of violating the automatic stay of bankruptcy.

### Count I – Stay Violation

26. The foregoing paragraphs are incorporated herein by reference.

27. 11 U.S.C. § 362 creates an automatic stay against "all entities" prohibiting "any act to collect" from the Debtors on claims that existed prior to the commencement of the case.

28. The Ninth Circuit Court of Appeals has held that entities have an "unambiguous" and "affirmative duty to comply with the stay." *Sternberg v. Johnston*, 595 F.3d 937, 940 (9th Cir. 2010).

29. Defendants' conduct was intentional, which does not require that the entity had the intent to violate the automatic stay, but only the intent to commit the act which in fact violated the automatic stay. *In re Bloom*, 875 F.2d 224, 226 (9th Cir. 1989) (adopting the definition provided by the bankruptcy court for the district of the District of Columbia:

> A "willful violation" does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional. Whether the party believes in good faith that it had a right to the property is not relevant to whether the act was "willful" or whether compensation must be awarded.)

30. Defendants' bills were intentional acts and did in fact violate the automatic stay of 11 U.S.C. § 362(a).

31. Debtor is entitled to damages pursuant to 11 U.S.C. § 362(k)(1).

32. Defendant's behavior in this case and general disregard and disrespect of the bankruptcy laws also entitle the Debtor to punitive damages. *In re DiGeronimo*, 354 B.R. 625, 644 (Bankr. E.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests an Order finding Defendant liable for violating the automatic stay and awarding Debtor compensatory damages, punitive damages, and costs pursuant to 11 U.S.C. § 362(k).

**Count II – Attorney's Fees**

33. The foregoing paragraphs are incorporated herein by reference.

34. Plaintiff is entitled to attorney's fees under 11 U.S.C. § 362(k).

35. Pursuant to the recent *en banc* opinion of the Ninth Circuit Court of Appeals in *America's Servicing Company v. Schwartz-Tallard*, 11 U.S.C. § 362(k) allows an "award of all attorney's fees reasonably incurred to remedy a stay violation, including fees incurred in prosecuting the damages action." 803 F.3d 1095 (9th Cir. 2018).

36. This Court may also award damages as sanctions under its inherent civil contempt authority. In re Dyer, 322 F.3d 1178, 1189 (9th Cir. 2003).

**WHEREFORE**, Plaintiff requests an award of reasonable attorney's fees.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff requests that the Court enter judgment against Defendant, as follows:

A. A judgment in favor of Plaintiff and against Defendant in an amount to be proven at trial for compensatory damages;

B. A judgment assessing punitive damages in an amount to be determined at trial;

C. An award of damages as sanctions for violation of the automatic stay;

D. An award of reasonable attorney's fees and costs pursuant to 11 U.S.C. § 362(k); and

E. For such other relief and further relief as the Court deems just and proper, including but not limited to post-judgment interest as may be allowed by applicable law.

DATED: March 7, 2022          **NEELEY LAW FIRM, PLC**

                                            By: */s/ Karen Bentley*
                                                    Kenneth L. Neeley
                                                    Karen Bentley
                                                    Geoffrey Khotim
                                                    Nicholas T. Van Vleet
                                                    *Counsel for Plaintiff*